**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3091

_____

UNITED STATES OF AMERICA

v.

ANTHONY ROWE,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-16-cr-00210-001)
District Judge: Hon. Sylvia H. Rambo

_____

Submitted under Third Circuit LAR 34.1(a)
April 23, 2020

_____

Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>.

(Filed:  April 27, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Anthony Rowe appeals his conviction and sentence for distribution and possession with intent to distribute heroin. Because United States v. Rowe, 919 F.3d 752 (3d Cir. 2019), resolved his claims of duplicity and prosecutorial misconduct,[1] and the District Court did not err in its drug calculations, we will affirm.

I

A

"Rowe was charged in a one-count indictment with distribution and possession with intent to distribute 1000 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Rowe conceded that he distributed approximately 200 grams, so the trial focused on whether he had actually distributed 1000 grams or more." 919 F.3d at 756. At trial, the jury, among other things, heard the testimony of confidential informant William Pierce and a Drug Enforcement Administration ("DEA") Special Agent who is an expert on the heroin trade, and saw a notebook recovered when Rowe was arrested. Id. at 757.

"Pierce's testimony implicated Rowe in sales totaling as much as 1700 grams of heroin." Id. "Pierce testified that Rowe often wrote in 'little notebooks.'" Id. Pierce reviewed the notebook at trial and "testified that notations on a page marked 'DO' tracked his purchase and payment history with Rowe." Id. The DEA expert testified that

---

[1] As a precedential opinion in the same case, the prior opinion is binding as both law of the case, United States v. Johnson, 899 F.3d 191, 209 (3d Cir.), cert. denied, 139 S. Ct. 647 (2018), and law of the circuit, Brandt v. B.A. Capital Co. (In re Plassein Int'l Corp.), 590 F.3d 252, 259 (3d Cir. 2009).

the notebook "appeared to be" a "ledger" that recorded drug and money transactions.  Id.

Based on this testimony, "[t]he Government argued that the notebook was Rowe's drug

ledger," and that it reflected transactions involving 1066 grams of heroin.  Id. at 758.

The District Court instructed the jury to decide whether the Government had

proven that Rowe distributed 1000 grams of heroin, but also gave the jury "the option of

returning a verdict for the lesser-included 100 grams" amount.  Id.  "[The jury] returned a

guilty verdict for both drug weights."  Id.  At sentencing, the District Court adopted the

Presentence Report's recommendation that Rowe's "offense involved at least ten

kilograms of heroin," "and imposed a within-Guidelines sentence of 151 months'

imprisonment followed by five years' supervised release."  Id.

Rowe appealed his conviction and sentence to our Court.  We held that "the

evidence was insufficient to support the 1000-gram verdict" "because the Government

did not prove that [Rowe] distributed or possessed 1000 grams of heroin in a single unit,

instead relying on evidence of multiple smaller distributions and possessions during the

indictment period."  Id. at 756.  We also rejected the Government's alternative argument

that "it had presented sufficient evidence to support a reasonable inference that at some

point during the indictment period, Rowe possessed at least 1000 grams of heroin with

intent to distribute."  Id. at 761.  Based upon the trial record, we concluded that the

largest amount of drugs a rational juror could find Rowe possessed at one time would

have been based upon what Pierce observed during his February meeting with Rowe.  Id.

During that meeting, Rowe gave Pierce 21 grams of heroin.  Id.  In addition, Pierce

3

observed that Rowe had a black bag with him containing drugs. Id. We explained that

> [f]rom Pierce's testimony about his first encounter with Rowe, a rational juror could have inferred that: (1) there were up to eight packages in Rowe's black bag; (2) each package contained up to 100 grams of a substance; and (3) based on the confusion between the twenty-eight gram and twenty-one gram packages, two or more packages contained heroin. Assuming, based on Pierce's testimony about the markings on the bags, that at least one bag was marked "50," one was marked "75," every other bag was marked "100," and adding that to the twenty-one grams Rowe possessed before distributing that package to Pierce, a rational juror could conclude that Rowe possessed and intended to distribute 746 grams of heroin. No rational juror could have found beyond a reasonable doubt, based on this testimony, that Rowe possessed 1000 grams or more of heroin at that time.

Id.

Thus, we vacated the 1000-gram verdict, directed entry of judgment on the 100-gram verdict, and remanded for resentencing. Id. at 763. Although we vacated the 1000-gram verdict, we rejected Rowe's argument that the indictment was duplicitous as to the 100-gram verdict and that the Government engaged in misconduct in its use of the ledger. Id. at 762 n.6.

B

At resentencing, the parties disagreed over the drug weight attributable to Rowe. The District Court found that Rowe distributed 1326.45 grams of heroin. It reached that number by adding Pierce's testimony about specific transactions (totaling 601.45 grams)[2]

---

[2] Rowe does not dispute that he sold Pierce 21 grams of heroin in February 2016. Rowe also does not dispute the sales of 35.59 and 198.86 grams. To this, the District Court added 346 grams for distributions in March. This amount was based on Pierce's testimony that he made a purchase once a week in March, the first being for "50 or 75" grams and then increasing to "100, 150, 200, stuff like that." App. 113. Rowe, in his resentencing memorandum, suggested that the Court estimate that Pierce made one purchase for 50, one for 75, and two for 100, totaling 325 for the month of March and

4

to the 725 grams Pierce observed in Rowe's possession.

Because the drug weight attributable to Rowe was between 1000 and 3000 grams of heroin, he had a Sentencing Guidelines offense level of 30. U.S.S.G. § 2D1.1(c)(5). With a criminal history category of I, Rowe's Guidelines range was 97-121 months' imprisonment, id. § 5A, and the Court sentenced Rowe to 97 months' imprisonment and four years' supervised release. Rowe appeals.

## II

## A

Rowe first argues that his indictment was duplicitous because his single-count indictment charged him with two offenses: (1) possession of heroin with intent to distribute and (2) distribution of heroin.[3] "Duplicity is the improper combining of separate offenses into a single count." United States v. Steiner, 847 F.3d 103, 114 (3d Cir. 2017). The duplicity doctrine "must be invoked only when an indictment affects the policy considerations that underlie that doctrine." United States v. Root, 585 F.3d 145, 155 (3d Cir. 2009) (internal quotation marks and citation omitted). One such consideration is "avoiding risk that the jury was not unanimous as to any one of the crimes charged." United States v. Moyer, 674 F.3d 192, 205 (3d Cir. 2012).

Rowe raised the same duplicity challenge in his first appeal. Rowe, 919 F.3d at

---

346 for purchases "through the end of March" (given the February purchase for 21 grams). App. 350. Rowe only objected at the resentencing hearing to the inclusion of 725 grams in Rowe's possession in February.

[3] "Whether an indictment is duplicitous is a question of law subject to de novo review." United States v. Steiner, 847 F.3d 103, 114 (3d Cir. 2017).

762 n.6.  We declined to address that argument as to the 1000-gram verdict (which we vacated) and explained that the duplicity argument did not "jeopardize the 100-gram verdict" because Rowe conceded at oral argument that "the jury agreed on the 100-gram verdict."  Id.  The record supported this concession, as it showed Rowe delivered almost 200 grams of heroin on one occasion.  Id. at 756.  As a result, there is no risk that the jury was not unanimous on the 100-gram verdict.  Accordingly, Rowe cannot argue that the indictment was impermissibly duplicitous.  Moyer, 674 F.3d at 205.

B

Rowe also contends that the Government engaged in prosecutorial misconduct by arguing in its summation that the jury should infer that the ledger listed heroin transactions.[4]  Rowe's prosecutorial misconduct argument fails.

Our prior opinion precludes the argument.  When discussing what a rational juror could conclude based on the evidence, we explained that "[t]he ledger corroborated" Pierce's and the DEA expert's testimony that Rowe was distributing heroin.  Rowe, 919 F.3d at 761.  We stated that the ledger had "obvious evidentiary value" for the Government's theory that "all of the notations in the ledger referred to heroin Rowe distributed during the indictment period."  Id.  While the ledger's lack of dates meant the Government could not show how much heroin Rowe distributed at any one time, we held

---

[4] "[B]ecause Rowe did not object to the prosecutor's closing argument," we review for plain error.  Rowe, 919 F.3d at 762 n.6.  To demonstrate plain error, Rowe must establish, among other things, that any misstatement by the prosecutor "affected the outcome of the district court proceedings."  United States v. Fulton, 837 F.3d 281, 294 (3d Cir. 2016) (quoting United States v. Marcus, 560 U.S. 258, 262 (2010)); see also Fulton, 837 F.3d at 306-07.

6

that there was evidence from which to infer that the contents of Rowe's ledger recorded heroin transactions. See id. Pierce testified that Rowe would regularly write in "little notebooks" while doing drug transactions with him. App. 124. Pierce further identified one page in the ledger that represented transactions he made with Rowe. In addition, the DEA expert opined that the notebook appeared to record drug transactions. Rowe, 919 F.3d at 761. Together, their testimony provided a basis to infer that the ledger recorded heroin transactions, so the Government did not err in suggesting as much. United States v. Hodge, 870 F.3d 184, 203 (3d Cir. 2017) (observing that a prosecutor "presenting a summation is free to . . . argue reasonable inferences from the evidence, as long as counsel refrains from misstating the evidence" (internal quotation marks and citation omitted)).

Even if the Government misstated the evidence concerning the contents of the ledger, Rowe cannot show plain error because any misstatement did not affect the 100-gram verdict. United States v. Fulton, 837 F.3d 281, 306-07 (3d Cir. 2016). "Rowe conceded that he had delivered approximately 200 grams of heroin." Rowe, 919 F.3d at 756. As a result, the ledger was unnecessary for the jury to determine that Rowe distributed 100 grams, and, as we previously held, use of the ledger could not have affected the 100-gram verdict. Id. at 762 n.6. We therefore again reject Rowe's prosecutorial misconduct argument.

C

Finally, Rowe argues that the District Court erred in calculating the drug weight attributable to him.[5]  At sentencing, the Government need only prove the drug quantity attributable to Rowe by a preponderance of the evidence.  Rowe, 919 F.3d at 762-63; U.S.S.G. § 1B1.3(a)(1)(A).  "[I]n calculating the amount of drugs involved in a particular operation, a degree of estimation is sometimes necessary."  United States v. Paulino, 996 F.2d 1541, 1545 (3d Cir. 1993).  Still, the district court "must base its determination on information that 'ha[s] sufficient indicia of reliability to support its probable accuracy.'"  Rowe, 919 F.3d at 762 n.8 (quoting United States v. Freeman, 763 F.3d 322, 337 (3d Cir. 2014)).  Statements of a reliable confidential informant meet the minimum indicia of reliability.  See Paulino, 996 F.2d at 1548 (holding that a DEA agent's recital of discussions with an informant, while hearsay, were reliable).

Rowe objects to the District Court's inclusion of (1) 346 grams Pierce claims he purchased from Rowe in February and March, and (2) 725 grams purportedly based on Pierce's observations of heroin he saw in Rowe's possession in February.  Both arguments fail.

First, and assuming Rowe did not waive his objection to the 346 grams calculated for March, Pierce's testimony supported the District Court's inclusion of the 346 grams.  Pierce testified that he made a purchase of 21 grams in February and made purchases once a week in March, the first being for "50 or 75" grams and then increasing to "100,

_____

    [5] "We review a district court's findings of fact regarding quantity of drugs for clear error."  United States v. Freeman, 763 F.3d 322, 337 (3d Cir. 2014).

8

150, 200, stuff like that." App. 113. The March distributions therefore ranged from approximately 325 to 700 grams. Furthermore, Rowe's resentencing memorandum conceded that the testimony could support a similar number. Thus, adding the 21 grams Rowe sold to Pierce in February to the 325 grams he sold to Pierce in March, the District Court committed no clear error concerning the 346 grams.[6]

Second, Pierce's testimony also supports attributing an additional 725 grams to Rowe. As we previously explained, Pierce saw a black bag in Rowe's possession, containing eight packages, with at least one marked "50," one marked "75," and every other marked "100." Rowe, 919 F.3d at 761. As we held before, "a rational juror could conclude" from Pierce's testimony "that Rowe possessed and intended to distribute" more than 700 grams of heroin. Id. Pierce's testimony therefore supported attributing 725 grams to Rowe's black bag. For these reasons, Rowe's challenge to the District Court's drug calculation is without merit.

### III

For the foregoing reasons, we will affirm Rowe's conviction and sentence but remand to allow the District Court to amend the amended judgment, pursuant to Federal Rule of Criminal Procedure 36, to reflect that Rowe was convicted of distribution and possession with intent to distribute 100 grams or more of heroin.[7]

---

[6] While the District Court seemed to reach 346 grams by including the 21 grams from February (which were already accounted for in the Court's calculation), the evidence still supported estimating 346 grams attributable to March.

[7] The District Court's amended judgment incorrectly provides that Rowe is convicted of distribution and possession with intent to distribute "1 Kilogram and more of Heroin." App. 3.

9